## EDMONDS v. EDMONDS.

1. Pleas of performance and payment are affirmative pleas and the *onus* of proof lies on the defendant.

2. When a judgment rendered on a demurrer to evidence, special verdict or case agreed is reversed, the proper practice is to remand, in order that the primary tribunal may in the exercise of its discretion, award a new trial or place the parties in such condition as will advance the justice of the case.

Writ of error to the Circuit Court of Tuscaloosa county.

Action of debt on a forthcoming bond executed in Virginia and conditioned for the delivery of certain slaves to the sheriff of Brunswick county, on a day and place named in the condition. The defendant pleaded performance of the condition and payment, on which issue was joined. At the trial, the plaintiff gave the bond described in the declaration in evidence and rested his case. The defendant demurred to the evidence, and the court on the demurrer rendered judgment in his favor. This judgment is assigned as error.

W. COCHRAN for the plaintiff in error, argued that the plaintiff was entitled to judgment on showing the bond in evidence; that proof of its discharge, whether by performance of its condition or by payment, must come from the defendant. 1 Starkie on Ev. 376, 378. 2 Saund P. & E. 629. Norris' Peak, 442. Bryant v. Sampson. 3 Stew. 340. 2 Starkie on Ev. 429.

PHELAN, contra.

GOLDTHWAITE, J.—1. There is nothing in this case to call for an exception to the rule that the proof of the issue lies with him who has the affirmative. The act to be performed to discharge the condition of this bond, was the delivery of the slaves to the sheriff, at a certain time and place; if this was per-

51

formed, the knowledge of it is certainly with the defendant, and he is bound to establish it as he would any other matter in discharge of the bond. The same may be said with respect to payment. In neither case is it incumbent on the plaintiff to establish a negative. This conclusion requires that the judgment of the circuit court should be reversed.

2. Much difficulty has hitherto been felt in cases of demurrers to evidence, special verdicts and other cases of analagous character, as to the judgment which should be given after reversal. It is evident, that in rendering final judgment in all cases, injustice might be done in some, as the party has no opportunity in this court to apply for a new trial, to withdraw his demurrer or in any manner to change the aspect of the case. This could be done in the circuit court, or other primary tribunal, on a sufficient showing, and we entertain no doubt of the capacity of the primary tribunal to do so after a reversal, if the case is remanded. It must be known to all who are much in practice, that cases are frequently placed in this condition to save time, and frequently because it is understood how the decision must be, from other cases presenting the same question having been decided by the same court. It is also well known, that the aspect of the case could be often entirely changed by the successful party in the primary court; but this cannot be done, if the judgment after reversal, must be rendered on the demurrer, &c. This difficulty was reverted to in the case of Lea & Langdon (8 Porter, 119) and much felt in that of Wragg *et al*, v. the Bank of Mobile (Supra.) We take the first occasion of a full court, on a case of this description, to announce that whenever a reversal is had in a case thus presented, it will be remanded as a matter of course, in order that the primary tribunal may be enabled to ascertain if sufficient cause exists to withhold the judgment on the demurrer, &c., and permit the parties to alter the aspect of the case so as to further the substantial justice of the case.

Let the judgment be reversed and the case remanded.