## HOWELL v. WILLIAMSON, Ex'rx.

1. In debt on a guardian's bond assigning breaches, and replication, that the condition of the bond had been performed, the plaintiff must prove some of the breaches assigned. The mere production of the bond is not sufficient to cast the burthen of proof on the defendant.

2. But when the plaintiff proves that the defendant received property, as guardian, he must then show that he has made a proper disposition of it. Having been in possession, the law presumes a continuation of it, and thus fixes a *prima facie* liability to account for it.

Error to the Circuit Court of Mobile. Before the Hon. J. Bragg.

Debt, by the plaintiff in error, on the official bond of the defendant, as guardian. The facts sufficiently appear in the opinion of the court.

D. Smith, for the plaintiff in error.

1. Under the issue joined, the burden of proof was upon the defendant, and the court should have charged so. The plea of performance is an affirmative plea, and the burden of

proof lies upon the defendant. Edmonds v. Edmonds, 1 Ala. Rep. 401; Barnett v. Cruther, 3 Bibb, 202. But it is alledged that as the condition of this bond was to perform the duty of an office generally, that the rule is different. In Exeter Bank v. Rodgers, 1 N. H. Rep. 142, action was upon bond conditioned to perform the duty of cashier generally, breaches assigned in replication and rejoinder of performance, held that burden of proof was on defendant.

Defendant did not traverse the breaches assigned. It is a general rule in pleading, that where, in the pleading of one party there is a material averment which is traversable, but which is not traversed by the other party, it is admitted.— Toland v. Sprague, 12 Pet. 300. In the pleading, what is not denied is admitted. Exeter Bank v. Rodgers, 6 N. H. 144. In debt upon administrator's bond, it may devolve upon defendant to sustain the issue. Dean et al. v. Portis, 11 Ala. 104. It was defendant's duty to prove that an inventory was filed according to law, it was not in our power to prove that it was not filed, by analogy to Halkerston's Ex. v. Hawkins, 1 Gill & J. 437. That this breach was a good one see Proprietary v. Gibbs, 1 Har. & McH. 58; Edwards v. Gibbs, 11 Ala. 293. We proved that the guardian received property of the value of eight hundred dollars, it was out of our power to prove the negative that he never returned it. After proving receipt of property, it devolved upon the defendant, under issue joined, to account for that property. The State v. Melton et al. 8 Miss. 417; Hollister v. Bender, Hill's N. Y. Rep. 150.

G. N. STEWART, contra.

The suit is on a guardian's bond. In the declaration the bond and condition are set forth, and there are special breaches assigned. The only plea on which issue is joined, is, that the guardian did perform his duty as guardian, in general, using the words of the condition of the bond.

The only proof of breach attempted, was as to property received by the guardian. The allegation of that breach, as set forth in the declaration, does not amount to a sufficient breach—it is not specific as to the property, nor the value,

nor the time, nor what kind of property it was—nor is it shown that it was the duty of the guardian to deliver it to the ward. The mere fact that it was not delivered to the ward is inconclusive, as it may be otherwise lawfully disposed of. This allegation of a breach is an immaterial one, and may be disregarded.

The only point however arises on the bill of exceptions, and the question there is, was this proof sufficient to warrant a recovery; was the breach sufficiently proved to warrant a recovery, even admitting that the declaration on this point was sufficient.

That negroes came to the possession of the guardian, and that he received them, is no breach of duty—it is the misapplication which is the breach. It is therefore perfectly consistent that he should receive negroes, and still commit no breach. The breach is consequently not shown by the mere fact that he received negroes, without showing any thing more.

None of the breaches in the declaration are sufficiently assigned. But the only question before the court was, whether the proof was sufficient to establish a breach of duty by the guardian. We say it was not—no dereliction of duty was shown, and as the action turns upon that, the court decided correctly.

If the action would be maintainable by the mere production of the instrument, sufficiently showing a cause of action of itself, without creating the necessity of averring specific breaches, the case might be different.

The positions and authorities cited on the other side, have therefore no application to this case, and the court below decided correctly. 1 Phil. Ev. 195; 1 Stark. Ev. 380; 19 Johns. Rep. 347; 11 Ib. 517.

CHILTON, J.—This was an action of debt on a guardian's bond. The declaration set out the bond and assigned several breaches, to which defendant replied, that he had performed the conditions as required by law of him, as guardian, &c. Upon the trial, the plaintiff read the bond, and closed his testimony. The defendant offered no proof, and insisted the plaintiff had not made out his case. The court

in effect so charged the jury. Whereupon the plaintiff, by leave of the court, proved, that a slave of the value of eight hundred dollars, was received by the defendant, as guardian of the plaintiff and there rested. The court charged, that the receipt of the slave was not of itself evidence of a breach of defendant's bond, such a receipt being a part of his duty as guardian. To the ruling of the court the plaintiff excepted, and presents the same for our revision.

1. It is insisted that the burden of proof of this issue was thrown upon the defendant, inasmuch as the plea of performance is an affirmative one ; and we are referred to the case of Edmunds v. Edmunds, 1 Ala. 401, as an authority for the position. That was an action of debt on a forthcoming bond, conditioned for the delivery of certain slaves to the sheriff, on a day and at a place named in the condition. The plea was, that the defendant had performed the condition of the bond, that is, had delivered the slave as he had bound himself to do, and this court held, that as the knowledge of the performance of the act set up in discharge of the bond rested with the defendant, he was bound to prove it. The case at bar is entirely dissimilar from that above referred to. Here, the general plea of performance by the guardian amounts to nothing more than a denial of the breaches assigned. The *onus* of proof does not so much depend upon the form, as upon the nature, substance and effect of the issue to be proved. Thus it has been held, in an action of covenant for not repairing, the plaintiff assigned for breach, that the defendant did not repair, but suffered the premises to be ruinous. The defendant pleaded that he did repair, and did not suffer the premises to be ruinous; it was held the plaintiff should begin. 1 Greenl. Ev. 85 ; 1 Phil. & Am. Ev. 827; Soward v. Leggett, 7 C. & P. 613. So in this case, we think it clear the plaintiff was bound to prove some of the breaches assigned, and that the bare production of the bond was not sufficient to cast the burden of proof on the defendant. See State v. Milton, 8 Miss. R. 417.

2. But the plaintiff having shown that the defendant received property as guardian, to which the plaintiff was entitled, and the value of such property, the burden of proof was shifted in respect of such property upon the defendant. To

require the plaintiff to go further, would be to require him to prove a negative, viz : that the property had not been disposed of according to law. That it was legally disposed of is a fact presumed to be within the knowledge of the defendant, and which he must consequently show to the court. *Prima facie,* he stands chargeable with the value of the property, which he has received as guardian, and in order to discharge himself, must show that he has made a proper disposition of it. The plaintiff having shown that the slave came into the defendant's possession, the law presumes a continuation of the possession, and thus fixes a *prima facie* liability on the defendant to account for him. By resting the case, without further proof, the defendant virtually says to the plaintiff, I have your slave in my possession, which I received as your guardian, worth $800, and which I refuse to surrender to you although you have have sued me, but you must show that my detention of him is a breach of my duty as guardian. It is a sufficient response by the plaintiff, that the breach of duty, and consequently of the guardian's bond, is a legal conclusion from the facts admitted.

The circuit judge having charged the law otherwise, the judgment is reversed and the cause remanded.