## TOWNSEND & BROTHERS vs. HARWELL.

1. Where a deed of assignment for the payment of debts is made to a naked trustee, with the intent on the part of the debtor to delay, hinder, and defraud his creditors, the assent of the creditors will not be presumed, although the deed devotes the property conveyed, absolutely and unconditionally, to the payment of their debts, and the trustee did not participate in the fraudulent intent; but such assignment will be void as against creditors, who have acquired a lien on the property before an *actual* assent is given.

2. When a judgment, rendered on a special verdict, is reversed, the proper practice is to remand the cause, in order that the primary court may, in its discretion, grant a new trial, or place the parties in such condition as will advance the justice of the case.

ERROR to the Circuit Court of Montgomery. Tried before the Hon. Thomas A. Walker.

THE defendant in error was summoned to show cause why an alleged transfer of a note made by the garnishees, McLeod & Leaird, to James Davidson, for $1,240 23, due January 1st, 1850, should not be declared invalid and said demand subjected in the hands of the garnishees to the payment of the plaintiff's claim against Davidson. He appeared and contested with the plaintiffs their right and interposed an absolute deed of trust, executed to him, as trustee, by Davidson, on the 17th Jan. 1849, for the benefit of all his creditors, without preference. The question then turned upon the validity of the trust deed. The jury found a special verdict, substantially as follows:

1. That at the time of the execution of said trust deed, both Davidson, the grantor, and Harwell, the trustee, were insolvent.

2. That Davidson executed the assignment to Harwell on the 17th Jan. 1849, and that the assets conveyed by the deed went into the possession of the latter at the date thereof.

3. That all the debts secured to be paid by said deed (a schedule of which is annexed to it) were, at the execution of the same, justly due and owing.

4. That the said assignment was made before the issuance of the attachment, under which the garnishment was issued, but none of the creditors named in the deed had assented to, or claimed any benefit under it, before service of the garnishment.

5. That Harwell, the trustee, was not, when the deed was executed, a creditor of Davidson; that he was a man of good business capacity and of honest repute.

6. That Davidson intended, by the making of the said deed of assignment, to hinder, delay and defraud his creditors in collecting their debts, but that Harwell did not participate in this intention. And the jury submit, that if the law upon this state of facts is in favor of the said plaintiffs, then they find the transfer void, but if on the other hand the law declares the deed of assignment valid, they find accordingly, and they pray the judgment of the court.

The circuit judge thought the assignment valid, and rendered judgment for Harwell, the trustee.

BELSER & HARRIS, for the plaintiffs.

BUGBEE, for the defendant.

Townsend & Brothers v. Harwell.

CHILTON, J.—Our opinion must be predicated upon the special verdict of the jury, as set forth in the record, for if they have found the facts wrong, an application should have been made to the primary court to set aside their verdict. Thus considered, the record presents the sole question, whether the deed of assignment made by a debtor in insolvent circumstances to an honest but insolvent trustee, by which such debtor devotes his property absolutely to the payment of his debts, but which was intended by him to delay, hinder and defraud his creditors, can be upheld as against the plaintiff in attachment, the creditors provided for in said deed never having given their assent to, or claimed any benefit under it. The solution of this question depends upon whether we must presume that the creditors *will assent* to the deed, and upon the further inquiry whether such assent, either presumed or actual, would make it available as against the plaintiff, who has acquired a lien upon the property, prior to any actual assent.

The doctrine held by this court, in regard to presuming the assent of creditors, is, that such assent will be presumed where the assignment is for their benefit—(Kinnard v. Thompson, 12 Ala. 491 ; Gazzam v. Points, 4 ib. 374)—but such assignment will not be considered beneficial, unless the deed devotes the property absolutely and under all circumstances to the payment of the debts secured—(Dubose v. Dubose, 7 Ala. 235; Allen v. Montgomery & W. P. R. R. Co. 11 Ala. 437)—nor where it provides for the delay of the creditors secured to be paid.— Lockhart v. Wyatt, 10 Ala. 231; Hodges v. Wyatt, ib. 271. But these principles do not affect the case before us, and we feel confident that no case has been decided by this court where the question here made was involved.

The statute expressly declares all conveyances made to delay, hinder, or defraud creditors, "to be clearly and utterly void."—Dig. 254, § 2. The jury have found this conveyance to be of that character, and we must pronounce it void, unless those claiming under it can bring themselves within the exception mentioned in the statute—unless they be *bona fide* purchasers for valuable consideration. Now we concede, as has often been decided, that a creditor, to whom a debt is justly due, may obtain a conveyance from his debtor for its security, and without parting with the evidence of his debt, or extending the

time of payment, or paying any equivalent therefor, will be considered a *bona fide* purchaser for a valuable consideration, if he accept the conveyance in good faith. We further concede the law to be well settled by the decisions of this court, that fraud on the part of the grantor alone is not sufficient to invalidate the deed, as to creditors who have *bona fide* accepted it.—Stover v. Herrington, 7 Ala. 142; Hooks v. Anderson, 9 ib. 704; Abercrombie v. Bradford, 16 ib. 560. But these were cases where there was an actual acceptance on the part of the *cestuis que trust*, or some of them, of the provision made by the deed for their benefit. In the case of Stover v. Herrington, the former, who claimed under the deed, was a *bona fide* grantee, or rather mortgagee, and he was held protected, although the mortgagor may have contemplated a fraud. In the case of Anderson v. Hooks, the latter had become bound for the grantor in a large sum, and to secure its payment, he, in good faith on his part, took a conveyance in trust, himself being the grantee. In the case of Abercrombie v. Bradford, the point was incidentally noticed, but in that case, Bradford, the grantee and trustee in the deed, who accepted *bona fide* its provisions, was a party in interest, being bound for a portion of the debts. Besides, by an examination of the record, it will be seen that several of the creditors provided for had accepted the provision made for their benefit. So that these cases are wholly inapplicable to the point before us. In the case of the Governor, use, &c. v. Campbell, 17 Ala. 566, the point now presented was not raised by the charges. In that case the deed was not *per se* fraudulent, and the court charged that the jury must infer the assent of the prefered creditors, as the deed was beneficial to them. No charge was asked, nor was any given, that if the jury believed the deed was made to delay, hinder, and defraud creditors, and that no creditor had assented in fact to its provisions, or claimed any benefit under it, that then the law would not presume their assent to validate such fraudulent deed. In the conduct of a cause, the respective counsel have the right to demand that the court declare the law as applicable to any phase of the case, which the testimony conduces to establish; and if a proper charge is asked, the court is bound to give it in the language in which it is asked. So in the case just cited, various specific charges were asked, and the court responded to each as the

several hypotheses as to the state of the proof were supposed to warrant; but in none of them was the point here raised presented.

We have been unable to find any case, and the learned counsel has refered us to none, which would warrant us in pronouncing in favor of this deed, unless the case of Brooks v. Marbery, which was twice before the Supreme Court of the United States, (see 7 Wheat. 556; 11 ib. 78,) may be considered an authority in favor of it. I think, however, that that case has been unwarily perverted by those courts, which have applied the principle settled by it to conveyances declared fraudulent under the statute of 13 Eliz. To state that case in the strongest light, the deed was made by the grantor and accepted by the trustee, each of them influenced to execute it by the hope that they would thereby suppress prosecutions against the grantor for forgery, which it was feared the prefered creditors would set on foot. The creditors had, neither directly nor indirectly, concurred in the fraudulent or unlawful intent, which moved the grantor and trustee to its execution; and their acceptance of the deed could have no operation in effectuating the design of the grantor. The deed in such case could be a valid security. and the creditors the *bona fide* recipients of its provisions, whilst the unlawful purpose of the grantor would fail of its object and remain as innocuous in his bosom as though it had never been conceived. To make that a parallel case with this, let us suppose that the acceptance of the deed effectuated the intention of the grantor, would Chief Justice Marshall have hesitated to declare such conveyance utterly void, and that the creditors' assent should never be presumed, when the effect of such assent would be to stifle prosecutions for offences against the criminal laws of the country? In cases arising under the statute relating to fraudulent conveyances, the deed being made to delay, hinder, and defraud creditors, the acceptance which validates the deed gives effect to the fraudulent intent. Not so in the case of Brooks v. Marbery. Now while the law will not deprive a creditor who in good faith, and without notice of the grantor's fraudulent design, has obtained a security for his debt, of the benefit of that security, it is not so regardless of every principle of sound public policy, and so destitute of morality, as to hold out such fraudulent deed as a premium for the accep-

tance of creditors, who for aught that appears, have never heard of it, or who, if they have heard of it, may never consent to avail themselves of its provisions. The statute declares it "clearly and utterly void." No creditor has interposed to insist upon its validity, or claimed any benefit under it. The plaintiffs, who have acquired a lien upon the effects in controversy, invoke the aid of the statute, and we are of the opinion that they were entitled to it.

Our conclusion is, that the deed, upon the facts found by the jury, is void, and that the demand due from the garnishees to Davidson is liable to the plaintiff's garnishment.. The judgment of the Circuit Court is therefore reversed, and the cause remanded.

NOTE BY REPORTER.—On a subsequent day of the term at which the above opinion was delivered, the plaintiffs in error moved the court to amend its judgment so far as to render it here, instead of remanding the cause to the Circuit Court for further proceedings, to which the court made the following response:

CHILTON, J.—I was of opinion, when the decision of this case was made, that the correct practice required us to render the judgment here, which the Circuit Court should have rendered upon the verdict; but my brethren think the practice, settled in Edmonds v. Edmonds, 1 Ala. 401, should be adhered to, and therefore hold that this cause should be remanded. In my view, the practice of remanding in such cases is in violation of the statute, unnecessarily prolongs litigation, and is opposed to the practice of this court in respect of other cases, between which and this, no sensible distinction can be made.