## DARDEN vs. JAMES.

[APPEAL TO SUPREME COURT TO SET ASIDE NON-SUIT.]

1. *Non-suit under § 2759 of Revised Code; what rulings not reviewed on appeal from.*—Where a complaint contains a count on a special agreement, with the common counts, and a demurrer to the special count is sustained, and the parties go to trial on the common counts, and on the trial evidence offered by the plaintiff is excluded by the court, and, thereupon, the plaintiff excepts to the ruling of the court, and suffers a non-suit under § 2759 of the Revised Code, and appeals to this court to have the non-suit set aside, the decision of the court on the demurrer cannot be reviewed on such appeal.

2. *Indebitatus assumpsit; when will lie.*—Where the terms of a special unsealed agreement have been performed by the plaintiff, so that only a duty to pay money remains, indebitatus assumpsit will lie, but where the agreement is still open, or is to be performed in future, the count must be framed on the agreement.

3. *Plaintiff failing on special count; when may recover on general counts.*
   Where the plaintiff declares on a special agreement, seeking to recover
   thereon, but fails, he may recover on the general counts, if the case be
   such that he might have recovered, if there had been no special contract.

4. *Recovery, when may be had on common counts; when on special contract.*
   If the plaintiff's right to the money depends upon a subsisting agree-
   ment between the parties, the action must be upon the special contract;
   but if the plaintiff's right to the money is wholly independent of the
   agreement, then he may recover on the common counts.

5. *Damages for breach of special contract; upon what, plaintiff must count
   to recover.*—Where damages are claimed for the breach of a special con-
   tract, the plaintiff must count upon the contract.

APPEAL from Circuit Court of Chambers.
Tried before Hon. LITTLEBERRY STRANGE.

THIS was an action commenced by E. D. McKinstry and
appellant Darden, merchants and co-partners, under the
firm name and style of McKinstry & Darden, against the
appellee. McKinstry having died before trial, the suit
proceeded in the name of Darden as surviving partner.

The complaint contained five counts: 1st. Common
counts for goods, wares and merchandise sold and deliv-
ered, &c. 2d. A count on an account stated. 3d. A count
on a settlement and compromise of all matters between
plaintiff and defendant. 4th. A count for money had and
received by defendant to and for the use of plaintiff. 5th.
A special count, founded upon a special agreement under
the hands and seals of the parties, dated 21st March, 1857.
The count sets out the special agreement in *haec verba,* but
it is only necessary to a proper understanding of the opin-
ion, to state the substance of the agreement, which was as
follows : Appellant and appellees both claimed to be own-
ers by assignment of the interest of N. J. Smith in his
father's estate. On a trial of their respective rights, judg-
ment was rendered in favor of appellant, condemning
the interest of N. J. Smith in the hands of the administra-
tor of Smith's father, who had been garnished, &c. To
prevent further litigation on appeal to the supreme court,
the parties to this suit entered into the special agreement.
It recites that " it is agreed that the said James shall, and

he has paid, contemporaneously with the agreement, the following sums, viz: $215 00," amount of [appellant's] judgment against N. J. Smith; " also one hundred dollars to McKinstry & Darden for other claims against Smith;" also one hundred and fifty dollars to attorneys of Darden & McKinstry for obtaining judgment against Smith's administrator; and said James also releases all his right to N. J. Smith's interest in the estate of Levi Smith.

In consideration of the payments and releases, Darden & McKinstry agreed to perform certain conditions not necessary to be further noticed.

The special count then alleges full performance on part of plaintiff of the provisions of the special agreement, and assigns as among other breaches on the part of James— 1st. That he refuses to pay two hundred and fifteen dollars, the amount of plaintiff's judgment against N. J. Smith. 2d. That he refuses to pay the $150 to the attorneys of appellant for obtaining the judgment against Smith's administrator, and then concludes, " wherefore, the plaintiffs say that they are injured, and have sustained damage to the amount of $818 14, with interest thereon, from 21st of March, A. D. 1857."

The defendant demurred to the special count, and each of the breaches assigned, and the court sustained each of the demurrers, whereupon the cause proceeded to trial on issue joined on the remaining counts.

The court, on the objection of defendant, excluded certain portions of the deposition of John L. C. Danner, who proved the execution of the special agreement, in relation to the payment of the $215, therein mentioned, the amount of the judgment against N. J. Smith. The plaintiff then offered the excluded portion of the deposition, in connection with proof then proposed to be made by a witness then on the stand, as to what occurred at the time of the special agreement as to the payment of the $215, &c.

The bill of exceptions concludes as follows: " The court ruled, upon the objection of defendant, that the said proof connected with the other proof was illegal, and refused to

allow it to be made, and to which refusal plaintiffs excepted ; and in consequence of the said several rulings of the court adverse to the said plaintiff, he could not proceed further in his cause, and it became necessary for him to suffer a non-suit, and to ask leave of the court to take a non-suit, under the statute, with a bill of exceptions, with leave to move in the supreme court to set said non-suit aside, and to assign said several rulings for error, and this leave being granted, plaintiff took a non-suit, with leave," &c. There-upon judgment was rendered against plaintiff for costs, and he appeals to this court, and assigns for errors the ruling of the court in the exclusion of evidence as shown in the bill of exception, and the sustaining of the demurrer to the special count, and to the several breaches therein assigned.

MORGAN, BRAGG & THORINGTON, for appellant.
G. W. GUNN, contra.

PECK, C. J.—Can the ruling of the court, sustaining the demurrer to the special count of the complaint, be re-viewed on this appeal? Where a plaintiff takes a non-suit, the right to appeal to this court, to have the same set aside, is given by § 2759 of the Revised Code, which is in the following words, to-wit : "When, from any decision of "the court, on the trial of a cause, it may become neces-"sary for the plaintiff to suffer a non-suit, the facts, point "or decision, may be reserved for the decision of the su-"preme court, by bill of exceptions, as in other cases." As this right is given and depends, wholly, upon this section of the Revised Code, it must be confined and limited to cases clearly within its purview and meaning. We hold, that this section does not apply to decisions of the court, made on demurrers to the pleadings, but to such decisions of the court, only, as are necessarily made a part of the record, by a bill of exceptions ; and as a bill of exceptions is never necessary to enable the plaintiff to revise the de-cision of the court, sustaining a demurrer to his complaint, such a decision does not authorize him, under said section,

to suffer a non-suit, and appeal to this court, to have the same set aside.

2. The demurrer to the special count being sustained, the case, then, stood on the common counts only, and on them, it is very clear, the plaintiff could not recover. The common counts are only appropriate, when the action is *indebitatus assumpsit*, or debt on simple contract.

In this case, the action is neither the one nor the other, but an action, in the nature of an action of covenant, founded on a special agreement, under the hands and seals of the parties, imposing on them mutual and reciprocal obligations.

The evidence offered by the plaintiff, and excluded by the court, disclosed the special agreement, set out in the special count of the complaint, to which the demurrer had been sustained. This evidence showed that the defendant's liability, whatever it might be, depended upon said special agreement, and, therefore, a recovery could only be had on a count framed on said agreement, and not on the common counts.

The rule is, where the terms of a special *unsealed* agreement have been performed by the plaintiff, so that only a duty to pay money remains, *indebitatus assumpsit* will lie, but where the agreement is still open, or is to be performed in future, the count must be framed on the agreement. *Hunter v. Waldron*, 7 Ala. 753; 1 Saunder's Rep. 269 a, note (m.)

Where the plaintiff's right to the money depends upon a subsisting agreement between the parties, the action must be on the agreement, but, if the plaintiff's right to the money is wholly independent of the agreement, he may then recover on the common counts.—*Stent v. Hunt*, 3 Hill's (S. C.) 223. But where damages are claimed for the breach of a special contract, the plaintiff must count upon the contract.—*Royalton v. R. & W. Turnpike Co.*, 14 Vermt. 311. Where, however, the plaintiff declares on a special agreement, seeking to recover thereon, but fails, he may recover on the general counts, if the case be such

that he might have recovered, if there had been no special contract.—*Tuttle v. Mayo*, 7 J. R. 132 ; *Robertson v. Lynch*, 18 J. R. 451 ; *Dubois v. Del. & Hudson Canal Co.*, 4 Wendell, 285 ; *Perrine v. Hankerson*, 6 Halst. 181.

In this case, no recovery could be had independent of the special agreement, disclosed by the evidence. The defendant's liability, if existing at all, depended wholly upon said agreement, consequently, if the special agreement, it had been unsealed, the plaintiff could only recover on a count framed on the agreement, and not on the common counts. For these reasons the evidence offered by the plaintiff, and objected to by the defendant, was properly excluded. Whether the court below excluded it for a right or a wrong reason, need not be decided.

Let the non-suit stand. The judgment is affirmed, and the appellant will pay the costs of the appeal in this court and in the court below.