# Wyatt *v.* Evins.

### *Action on Promissory Note.*

1. *Section 2759 R. C.; what not revisable under.* — On appeal under section 2759 R. C., the appellate court can revise such only of the adverse rulings compelling nonsuit, as are properly made matter of exception and reserved by bill of exceptions.

2. *Promissory note; what sufficient consideration for.* — A promissory note given in consideration of a loan of Confederate treasury notes, made between citizens of this State during the late war, is supported by a sufficient consideration.

3. *Same.* — A compromise of matters in dispute and litigation between the parties is of itself a sufficient consideration, in the absence of fraud, to support a promissory note given in pursuance of the settlement.

4. *Practice on reversal.* — The court declined on reversal to render judgment here, but remanded the cause, following and reaffirming the rule in *Edwards* v. *Edwards*, 1 Ala. 401.

APPEAL from Circuit Court of Perry.
Tried before Hon. M. J. SAFFOLD.
The opinion states the case.

LAWSON & BRAGG, for appellant.

[Wyatt *v.* Evins.]

POWHATAN LOCKETT, *contra.*

JUDGE, J. — The act of 1846 authorized a plaintiff, when compelled to enter a nonsuit in consequence of the adverse ruling of the court, to revise the decision in this court, whether made upon the pleadings or the evidence ; and if the record disclosed the point decided, a bill of exceptions was not necessary to present it. *Duncan* v. *Hargrove,* 22 Ala. 150 ; *Blackburn* v. *Minter,* Ib. 613.

But section 2759 of the Revised Code is materially different from the act of 1846, in one respect ; as construed by this court, that section requires that the plaintiff, when compelled to suffer a nonsuit on account of an adverse ruling of the court on the trial, must reserve the point by bill of exceptions, if he wishes to revise the action of the court, even when the ruling is otherwise disclosed by the record. *Palmer* v. *Bice et al.* 28 Ala. 430 ; *Vincent* v. *Rogers,* 30 Ala. 471. And see the more recent cases of *Welch* v. *Mayor, &c.* 48 Ala. 291 ; *Paulling* v. *Marshall,* 47 Ala. 270 ; *Darden* v. *James,* 48 Ala. 33 ; *Hatchett* v. *Orne,* in MS.

Therefore, we cannot, in this case, revise the rulings of the court below upon the pleadings, but are restricted to the consideration of the charge of the court alone, to which the bill of exceptions shows an exception was taken, and which caused the plaintiff to suffer a nonsuit.

The charge was that if the jury believed the evidence they must find for the defendant. The evidence was without conflict, and showed that the plaintiff's intestate loaned to the defendant, in the month of April, 1863, $5,400 in Confederate States treasury notes, and took the promissory note of the defendant, due twelve months after date, for the payment thereof ; that the note was not paid at maturity, and plaintiff's intestate instituted suit upon it ; that while the suit was pending it was compromised between the plaintiff and defendant therein, by the defendant agreeing to pay to the plaintiff the gold value of the Confederate currency, at the time it was loaned, which was estimated by the parties to be $1,166.40 ; that $600 in gold was paid by the defendant, pursuant to the terms of the compromise ; that he gave his note for the balance of the $1,166.40, which note is the foundation of the present suit, and that the original suit was dismissed. On this evidence the charge of the court was clearly erroneous.

It has been decided by this court, during the present term, that a promissory note given for a loan of Confederate States treasury notes made during the late war was supported by a valid consideration, and that the measure of damages in a recovery upon such a note was the value of the Confederate

[Taylor *v.* Pettus.]

money at the time it was loaned. *Whitfield* v. *Riddle, Adm'r,* in MS. But wholly irrespective of this question, the charge of the court cannot be sustained. The compromise of the matter in dispute between the parties, and about which litigation was pending, is, of itself, in the absence of fraud, a sufficient consideration to uphold the contract of settlement, which, when made, was binding on both the parties. *Allen & Wife* v. *Prater,* 30 Ala. 458.

It is insisted by the appellant that if we should reverse the judgment of the circuit court, we should also render such judgment as the court below should have rendered. In cases like the present, we deem it the safer and better practice to remand on a reversal, in obedience to the rule established in *Edwards* v. *Edwards* (1 Ala. 401), which, ever since that decision was made, has been recognized and acted upon by this court. *Townsend* v. *Harwell,* 18 Ala. 301; *Rawles* v. *Kennedy,* 23 Ala. 240; *Tenn. & Coosa R. R. Co.* v. *Moore,* 36 Ala. 371.

For the error we have named, let the judgment be reversed and the cause remanded.