[Prince v. Prince.]

# Prince *v.* Prince.

*Bill in Equity to Cancel the Deed of a Married Woman to her Statutory Separate Estate, to compel the Conveyance to the Wife of Lands Bought with Money, a part of her Statutory Separate Estate, and to have an Account taken of Rents and Profits of the Lands while out of her Possession.*

| 67 | 565 |
|----|-----|
| 101 | 643 |
| 67 | 565 |
| 116 | 109 |
| 118 | 377 |
| 67 | 565 |
| 139 | 543 |

1. *The statutory separate estate of wife, deed of trust to.*—The statutory separate estate of a wife is not subject to encumbrance to secure her husband's debt. When her estate is conveyed in trust for this purpose, neither the trustee or the beneficiary acquires any right cognizable in a court of law or equity.

2. *The same; absolute conveyance of.*—The true construction of the constitution and statutes prohibits and invalidates even a properly certified and absolute deed, when made to secure payment of the husband's debt.

3. *Same; limitations of prohibitory principle.*—The conveyance is binding where the wife takes an interest in lands for the payment of which a mortgage is given, and binding on the husband surviving his wife, and passes his life estate when the conveyance contains a warranty; and when the conveyance is made or contract entered into in the exercise of implied or express powers conferred by statute; and when the husband, having a legal title, and the wife a secret equity merely, a conveyance is made to a *bona fide* purchaser without notice.

4. *Same.*—All parties dealing with lands, the legal title to which is in the wife, are charged with a knowledge of their status and ownership.

5. *Compromise of claim.*—When a claim is absolutely and clearly unsustainable at law or equity, its compromise constitutes no sufficient legal consideration.

APPEAL from Chancery Court of Marengo.

Heard before Hon. CHARLES TURNER.

The original bill in this cause was filed July 3, 1875, by Arabella Prince, through her next friend, Oliver P. Boddie. The bill alleged that some of the land in question was in the possession of J. S. Ryall, and situated in Marengo county, and that said Ryall held under a conveyance made by A. C. Hargrove and H. C. Vaughn, said Hargrove and Vaughn being administrators of the estate of E. B. Vaughn. E. B. Vaughn was the beneficiary of a trust made to Oliver H. Prince by John H. Prince, the husband of Arabella C. Prince, complainant. This deed of trust conveyed lands, the statutory separate estate of complainant, that had come to her through devise by her father, John E. Boddie. The lands in question were conveyed by John H. Prince and Arabella C. Prince, his wife, to A. C. Hargrove and H. C. Vaughn, on a compromise of a claim they held as administrators of the estate of E. B. Vaughn against John H. Prince himself.

The bill showed, further, that John H. Prince had used monies belonging to the statutory separate estate of his wife, the complainant, to purchase of Edwin A. Glover a tract of land containing one hundred and sixty acres, and took a deed from said Glover to himself.

The bill prayed, that John H. Prince should be compelled to convey these 160 acres to complainant, and that A. C. Hargrove and H. C. Vaughn be required to cancel the deed made to them by complainant and her husband; and that J. S. Ryall be decreed to surrender possession of the land bought by him of Hargrove and Vaughn, now claimed as the property of complainant, and a part of her statutory separate estate. The conveyance made by John H. Prince and his wife to A. C. Hargrove and H. C. Vaughn, contains the following clause : This indenture, made this the 18th day of February, in the year of our Lord one thousand eight hundred and sixty-nine, between John H. Prince and Arabella C. Prince, the wife of said John H., parties of the first part, and H. C. Vaughn and A. C. Hargrove, as administrators of the estate of E. B. Vaughn, deceased, parties of the second part, witnesseth : "That whereas, the parties of the second part, in pursuance of an agreement in writing made and entered into by the parties to this indenture on the 13th day of January, 1869, to prevent litigation and to settle the matters in dispute between them growing out of a certain promissory note for ten thousand dollars, executed on the 2d day of March, 1860, and a deed in trust executed by the parties of the first part on 21st day of April, 1860, conveying to O. H. Prince, trustee, eight hundred and fifty-two acres of land, more or less, situated in the county of Marengo, and State of Alabama, to secure the payment of said promissory note ; which note and deed were both held by said parties of the second part, as administrators, &c., as aforesaid, have made application to the Probate Court of Tuscaloosa county for an order authorizing them to compromise with the parties of the first part ; and, whereas, said court did, on the 15th of January, 1869, grant an order authorizing said compromise ; and whereas, said parties of the second part have given up said promissory notes and cancelled said deed in trust in pursuance of said agreement; and whereas, the party of the second part have at, and before, the sealing and delivery of these presents, paid to the said parties of the first part, the sum of twenty-five dollars, lawful money of the United States, the receipt of which the parties of the first part do hereby acknowledge ; now, therefore, in consideration of the premises, the parties of the first part have granted, bargained, sold and conveyed, etc." This deed was to 532 acres of land.

[Prince v. Prince.]

One hundred and sixty acres of the land conveyed was the land bought of Edwin A. Glover by John H. Prince, with a note belonging to the statutory separate estate of his wife, the complainant, but the deed to which was made to him alone.

The written agreement that was made the basis of the deed contained the following clause : " Whereas, the parties of the first part have taken legal steps to have said land sold in pursuance of said deed of trust; and whereas, there arel some doubts as to the validity of said conveyance; and-whereas, protracted litigation is threatened ; now, therefore, to prevent litigation, and to settle the matters in dispute, the parties aforesaid do covenant and agree as follows," etc. This conveyance was made, and the administrators sold the land, thus conveyed, to J. S. Ryall, one of the parties to the bill, and gave him title.

On final hearing the Chancellor dismissed the bill, and the complainant took an appeal.

Eugene McCaa, for appellant.

G. G. Lyon & B. B. Lewis, for appellees.

SOMERVILLE, J.—The deed of trust, executed by the complainant and her husband, on the 21st of April, 1860, to O. H. Prince, as trustee, was, under the repeated decisions of this court, void and of no legal validity, as against the wife. The debt secured was that of the husband, and the property conveyed was the statutory separate estate of the wife. Her property was not legally subject to be thus encumbered, and neither Prince, the trustee, nor E. B. Vaughn, the beneficiary, acquired any rights under it, cognizable in either a court of law or of equity—*Bibb v. Pope*, 43 Ala. 190 ; *Denechaud v. Berry*, 48 Ala. 591 ; *Thomas & Co. v. Rembert's Adm'r*, 53 Ala. 561.

The provisions of the constitution and statutes, creating this character of estate, have been construed to prohibit its conveyance, where it is done in payment or satisfaction of the husband's debt, even by *absolute deed* ; and although the deed is executed jointly by husband and wife, and is properly attested, or acknowledged before an officer, as required in such cases by the statute.—*Weil & Bro. v. Pope et al.*, 53 Ala. 585.

There are, however, some just limitations upon this prohibitory principle. Where the debt secured by mortgage is given for the purchase-money of lands conveyed to the wife, the conveyance is binding.—*Strong and Wife v. Waddell*, 56

Ala. 471: Or where there are covenants of warranty in such conveyance, though void against the wife, they are so far valid against the husband as to pass his life estate in his wife's lands, in the event of his surviving her.—*Chapman et al. v. Abrahams*, 61 Ala. 108. Or where a conveyance is made, or contract entered into, in the exercise of some express power conferred on the wife by statute, or in the exercise of an implied power necessary and proper in carrying out such express power.—*Beeton v. Lellick*, 48 Ala. 226: Or where the legal title of the wife's property is in the husband's name, with a mere secret equity in the wife, a *bona fide* purchaser for value, without notice of such equity, may obtain a good title.—*Holly v. Flournoy*, 54 Ala. 99.

In this case, the title of all the lands in controversy was originally in the complainant, Mrs. Prince, except the tract of 160 acres purchased from Glover by her husband, John H. Prince, October 23, 1849. The deed to the latter was made directly to him, without words of recital or conveyance, sufficient to put one on inquiry as to the interest claimed by the wife.

It is not argued that E. B. Vaughan, the beneficiary of the deed of trust made to O. H. Prince, is a *bona fide* purchaser for value, in as much as his claim, secured by this conveyance, was a pre-existent debt, and not one created on a co-temporaneous consideration.—*Alexander v. Caldwell*, 55 Ala. 517.

Nor could this defense be set up by the appellee Ryall, unless his vendors, the administrators of E. B. Vaughn, could successfully do so. He was a purchaser at a judicial sale made under order of the Probate Court, and the doctrine of *caveat emptor* applied to him.—*Fore, Adm'r, v. McKenzie*, 58 Ala. 115.

These considerations authorize a distinction to be made between these lands. So far as concerns that portion of them which complainant acquired by devise from her father, John E. Boddie, there is little difficulty in reaching a proper conclusion. The legal title of these lands was in her. All the parties dealing with them, as mortgagees or vendees, are presumed to be advised, and are charged with a knowledge of their *status* and ownership. As asserted by Lord Mansfield, in *Keech v. Hall*, Doug. 22 : " Whoever wants to be secure when he takes a lease, (makes a *purchase*), should inquire after and examine the title deeds." The mortgage of these lands was a nullity, and the attempted conveyance of them by deed passed no title to the administrators of E. B. Vaughn.

[Prince v. Prince.]

The 160 acre tract purchased from Glover stands on a different basis. The title of this was in John H. Prince, and not in his wife. The administrators of Vaughn had no knowledge or information of Mrs. Prince's latent equity. They knew no facts which could possibly awaken their inquiry. In purchasing it, they parted with value, in giving up and cancelling the $10,000 note due by John H. Prince and his sureties to their intestate, to say nothing of the nominal consideration of the twenty-five dollars paid at the time to complainant.

The Chancellor correctly found that the vendees of this tract were *bona fide* purchasers for value without notice of the defect in title. They must, therefore, be protected as such.

It has been insisted with earnestness, in this case, that this was a compromise of a doubtful claim between complainant and the administrators of Vaughn, and on this account the deed ought to be sustained in its entire integrity. We do not think this view of the case assists the matter. It is very true, that the law greatly favors the compromise of doubtful rights or demands, and such a compromise, when made *bona fide*, is a sufficient legal consideration for a contract or promise, even though it subsequently appears that the demand or claim was unfounded. And such is the case, whether a suit is pending or not.—*Allen and Wife v. Prater*, 30 Ala. 458 ; *Wyatt v. Evins*, 52 Ala. 285 ; *Sims v. Lee*, MSS. Dec. T. 1880.

But, when a claim is absolutely and clearly unsustainable, at law or equity, its compromise constitutes no sufficient legal consideration.—1 Addison on Contr. § 14, *note 1* ; *Savings Bank v. Concord*, 15 N. H. 119. It is said that, at the time this compromise was effected, this court had not announced its conclusion holding such mortgages to be void, and that it presented a grave matter of doubt among members of the legal profession. The *facts*, however, were undisputed, and the only doubt was as to the *law*. The statutes on this subject were then as fully promulgated as now. Every one was required to know their proper construction, and neither ignorance nor doubt was any excuse.—*Ignorantia facti excusat ; ignorantia juris non excusat.*—Pel. Leg. Max. p. 100.

In the case of *Sims v. Lee* (MSS. Dec. T. 1880), a compromise was sustained, involving a tract of land in which the wife claimed an equity, based on the alleged conversion of a portion of her statutory separate estate by the husband, the title having been taken in his name. The *fact* of such conversion, or investment, was there controverted. The com-

promise was based on doubts entertained of a *fact*, not of the *law*, nor was it a mixed doubt of fact and law.

The decree of the Chancellor, dismissing complainant's bill is reversed, and the case is remanded for further proceedings in accordance with this opinion.