# Chastain *v.* Porter.

*Action of Trespass on the Case.*

1. *Execution of mortgage; attorney competent as an attesting witness.*—An attorney who is entrusted with the business of preparing and superintending the execution of a mortgage, is a competent attesting witness thereto, though such mortgage provides for the payment of attorney's fees incurred in the collection of the debt secured thereby.

2. *Same; sufficient proof of execution.*—Where a mortgage is given by one who can not write and is signed by the mortgagor making his mark opposite his name written by another, one who was present when the instrument was executed, representing the mortgagee, as his attorney, and who, though not requested by the mortgagor to attest the execution of the paper, subscribed his name thereto in the latter's presence as an attesting witness, is a competent witness to testify to the execution of said mortgage, and upon his testifying as to its being duly executed, such mortgage is admissible in evidence.

3. *Appeal; what considered when non-suit taken with bill of exceptions.*—Where an appeal is taken from a judgment in a case in which a non-suit is suffered, the appellate court will revise only such of the adverse rulings compelling non-suit as are properly made matters of exception on the trial and reserved and presented by bill of exceptions.

APPEAL from the City Court of Talladega.

Tried before the Hon. G. K. MILLER.

This was an action of trespass on the case, brought by the appellant, G. B. Chastain, against the appellee, Mattie L. Porter, to recover damages for the alleged wrongful taking of certain crops upon which the plaintiff alleged he had a lien. The defendant demurred to the complaint as originally filed and upon the demurrer being sustained, the plaintiff filed an amended complaint. To the amended complaint the defendant filed the plea of the general issue and several special pleas. To these several pleas the plaintiff filed a replication. To the plaintiff's replication the defendant demurred upon several grounds, which demurrer was sustained. Under the opinion on the present appeal it is unnecessary to set out in detail these several pleadings.

The cause was tried upon the plea of the general issue, and it was shown that the plaintiff's claim to the property alleged to have been wrongfully taken was based upon a mortgage given to him by one Joe Bradford; that said Bradford was indebted to the plaintiff, which indebtedness was evidenced by a note secured by a mortgage. This mortgage provided for the payment of attorney's fees in the collection of said indebtedness. The indebtedness not being paid at maturity, the mortgage was placed in the hands of one M. D. Ivey, an attorney, for collection, and Ivey was authorized by plaintiff to take a new mortgage from Bradford to secure the balance due upon the mortgage debt. It was shown that Bradford could not write nor read; that acting in the capacity as general agent and attorney for the plaintiff, Ivey drew up the mortgage to be given to the plaintiff in renewal of the other mortgage; this mortgage also provided for the payment of attorney's fees incurred in the collection of the indebtedness; that Bradford executed the mortgage by making his mark; that at the time of such execution of the mortgage, there was no one present except Ivey and said Bradford; that Ivey signed said mortgage as an attesting witness; that at the time Ivey signed his name as an attesting witness said Bradford did not request said Ivey to sign the paper as an attesting witness, but that Ivey signed his name to the paper in the presence of Bradford at the time the latter made his mark. It

[Chastain v. Porter.]

was further shown that Ivey as an attorney represented the plaintiff in the collection of the mortgage and in the giving of the new mortgage.

Upon the plaintiff offering to introduce evidence in said second mortgage so executed by Bradford, the defendant objected upon the following grounds: 1. It was not sufficiently shown that Bradford had executed said mortgage. 2. Because M. D. Ivey, as an attorney, was not competent or qualified to prove its execution on account of interest. 3. That Ivey was not competent to sign said mortgage as a witness, inasmuch as he was acting as the agent of the mortgagee. The court sustained the objection of the defendant, refused to allow said mortgage to be introduced in evidence, and to this ruling the defendant duly excepted and took a non-suit with bill of exceptions. A judgment was accordingly rendered for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

M. D. IVEY and GEORGE W. PARSONS, for appellant, cited *Bickley v. Keenan,* 60 Ala. 296; *Sowell v. Bank of Brewton,* 119 Ala. 92.

DRYER & WEBB, *contra.* cited Code, §§ 1, 2151; *Houston v. State,* 114 Ala. 15; *Seibold v. Rogers,* 110 Ala. 438; *Coleman v. State,* 79 Ala. 49; *Donovan v. St. A. & D. E. Co.,* 46 L. R. A. 721.

TYSON, J.—The case of *Sowell v. Bank of Brewton,* 119 Ala. 92, is conclusive of the competency of the attesting witness, Ivey. The fact that the mortgage provided for attorney's fees or that it was given for a balance due upon a prior mortgage which balance was comprised wholly of attorney's fees, in connection with the fact that Ivey, the attesting witness, was the attorney of the mortgagee for the purpose of collecting the prior mortgage and conducted the negotiations which resulted in the giving of and the preparation by him of the mortgage which he attested, does not differentiate this case from that one. The attorney's fee stipulated for did not belong to Ivey, but belonged to the mortgagee.

In *Houston v. The State*, 114 Ala. 15, it was held that without an attesting witness who writes his name as a witness, there can be no valid execution of a mortgage of personal property where the mortgagor signs by mark. In that case, a subscribing witness is defined as "one who was present when the instrument was executed and who, at that time, at the request or with the assent of the party, subscribed his name to it as a witness of the execution." Applying this rule to the facts of the case in hand, the mortgage should have been admitted in evidence. The mortgagor's assent to the attestation by Ivey being clearly inferable, its execution should have been submitted to the jury.

Plaintiff below, appellant here, having suffered a nonsuit on account of an adverse ruling upon a matter of evidence, to which an exception was reserved, we are confined to a consideration of that matter as shown by the bill of exceptions, and cannot revise the rulings of the court below on the pleadings.—Code, § 614; *Wyatt v. Evins*, 52 Ala. 285.

Reversed and remanded.