180 So. 304

## VERGESON et al. v. WALLACE.
### 7 Div. 329.

Court of Appeals of Alabama.
March 22, 1938.

Rehearing Denied May 10, 1938.

McCord & McCord, of Gadsden, for appellants.

Miller & Miller, of Gadsden, for appellee.

RICE, Judge.

This appeal is from a judgment in favor of appellee for the sum $33.60, in a suit by him against appellants, which was submitted to the jury on a single count of his complaint—said count being in words and figures as follows, to wit: "The plaintiff claims of the defendant the sum of $80.00

for work and labor done by the Plaintiff for the defendant at the defendant's request during the months of January, February, March and April, 1935, which sum of money together with interest thereon is still due and unpaid."

■ It is the law that: "An allegation that the work and labor for which recovery was sought was done on a certain day [or at a certain time, we interpolate], is not sustained by proof of work done on any other date [or at any other time]." Green v. Southern States Lumber Co., 163 Ala. 511, 50 So. 917.

In this suit, it appears that neither the parties nor the court understood just what it was they were litigating. We quote from the bill of exceptions: "Defendant's (appellants') counsel: 'Now, let me see your Honor. I have been trying to find out what we are trying ever since we started.' The Court: 'I have been wondering myself.' Defendant's counsel: 'I just confess I don't know what the issues are. The gentleman says he brings the suit on an implied contract. What is the contract? A contract of rental?' The Court: 'You might ask the gentleman on the other side.' * * * Plaintiff's (appellee's) counsel: 'When we get ready to argue it we can clear that point up.' "

Maybe the matter was "cleared up" in the "argument." We are unable to say. The same does not appear here.

■ We will simply leave it "in the dark," and base our reversal of the judgment appealed from on the fact that whereas the claim is for "work and labor done" by plaintiff (appellee) during "the months of January, February, March, and April 1935," there is not a word of testimony in the bill of exceptions supporting the claim as made. All the work that was done which appellee claims appellants were to "pay for" was done during the year 1936.

■ Moreover, since, if plaintiff (appellee) has, under the evidence—waiving the refusal, above, of his counsel to state the basis of his claim—any basis for his complaint against appellants, it is the damages suffered by the breach of the contract he claims he had with them. Such cannot be recovered in a suit, as here, based upon the "Common Counts—for work and labor done etc." Darden v. James, 48 Ala. 33.

For the error in refusing to give to the jury at appellants' request the general affirmative charge to find in their favor, the judgment is reversed and the cause remanded.

Reversed and remanded.