## DODGE & McKAY, SURVIVING PARTNERS, v. McKAY AND McDONALD.

1. Where parties entered into a covenant by which they agreed to submit certain matters to arbitration, and each stipulated to perform particular duties consequent upon the making of the award; it is enough for the party suing for a breach of covenant, to allege a performance of every specific duty enjoined by his part of the contract, notice to the defendant that the award was made, and that he refused to comply with his engagement.

2. Where an action is brought upon a covenant to submit to arbitration, alledging a failure by the defendant to perform an act which he had stipulated to do when the award was made, the defendant is not entitled to oyer of the award; but if it is craved and granted, the plaintiff cannot insist on error, that it was not regularly grantable.

3. Upon a demurrer to the declaration, its sufficiency cannot be determined by a reference to the indorsement on the writ or other part of the record.

4. Where a partnership sues upon a covenant executed in the firm name, they admit that it is their deed, and the defendant cannot be allowed to object that it is invalid, because a seal has been used by one of the partners to bind his copartners.

Dodge & McKay v. McKay and McDonald.

Writ of Error to the Circuit Court of Barbour.

This was an action of covenant by the plaintiffs in error, and David C. Kolb, their deceased partner. The declaration contains three counts. The first is upon a writing under seal, entered into between the plaintiffs and a firm, trading under the style of Kolb & McKay, and John McKay as principal, and Hugh McDonald as his surety. By this writing it is alledged that John McKay and Hugh McDonald, in the characters aforesaid, did agree to give their promissory note, payable to the plaintiffs, twelve months from the date thereof, for whatever sum certain arbitrators, chosen on the day of the date of the writing by the plaintiffs and the defendant, John McKay, to settle and determine certain matters in controversy between them, might decree; which was to be added to the amount of two promissory notes payable to Kolb & McKay, and interest thereon. These two notes then being in suit in Charleston, South Carolina. To these sums the further addition was to be made of accounts between the plaintiffs and John McKay, then in suit in Charleston, South Carolina. *And further*, the plaintiffs and Kolb & McKay, on their part, did agree to abide and perform whatever might be the award of the arbitrators so chosen. This count states the date of the agreement, the amount of the notes and accounts which were sued in South Carolina; alledges the making of an award as provided by the writing, its amount and notice thereof to the defendants; avers the performance by the plaintiffs of every duty enjoined upon them according to the terms of their engagement, and a demand of a note of the defendants, payable at the time when, and for the amount stipulated by the writing: and concludes with an averment that the defendants have broken their covenant by a refusal to give their note, according to their obligation.

The second and third counts state the covenant differently from the first, alledge the performance of every duty incumbent on the plaintiffs, and the non-performance of the defendants' engagement in giving the plaintiffs their note, &c.

The defendant's craved oyer of the award, set it out *in extenso*, and demurred to the entire declaration; the demurrer

was sustained and a judgment rendered against the plaintiffs for costs.

HARRIS, for the plaintiff in error. The Circuit Court should not have sustained the demurrer, for the entire declaration is good; but if there be one good count it is enough, in the form in which the demurrer is interposed.

The defendant was not entitled to oyer of the 'award, for it was not the foundation of the action, but only evidence. The agreement of the parties under seal, is the gravamen of the declaration, and of that only was oyer allowable.

The Court could not have looked to the agreement indorsed on the writ, to see whether it corresponded with the declaration, or was executed so as to bind the parties. Had it been intended to insist upon a variance, the agreement should have been set out on oyer.

No counsel appeared for the defendants.

COLLIER, C. J.—1. We are at a loss to conjecture the causes for which the demurrer to the declaration was sustained. Each of the counts seem to us to disclose a good cause of action, and to be drawn with care, if not unnecessary particularity. But as the demurrer is to the entire declaration, it is quite sufficient if either count be good.

The action is founded upon the covenant of the parties to abide by the award of the arbitrators, and the stipulation of the defendants to give their note at twelve months date, for the sum awarded to the plaintiffs as due from McKay, as also for notes and accounts in suit against him in Charleston, South Carolina. The declaration alledges the making of an award for a sum certain in favor of the plaintiffs, notice of the fact by the defendants; and a refusal by them to make the note. Here is an allegation of a direct breach of covenant by defendants, and one from which injury may result to the plaintiffs. If an action could not be maintained under such circumstances, the plaintiffs could not resort to McDonald as a surety, notwithstanding his express undertaking for his co-defendant. Such an idea cannot be tolerated.

2. Where a deed is pleaded with a profert either by the

plaintiff or defendant, the other party may have oyer of it, if the profert was necessary. [2 Salk. Rep. 497.] But where the declaration is upon a sealed instrument, which stipulates to perform a duty provided for in another writing, the defendant cannot have oyer of the other writing. [1 Saund. Rep. 8; id. 405, n. 1.] If oyer be craved where it is not demandable, the other party may treat it as a nullity; but if, instead of doing this, he grant the oyer, it is said the party who craved it may consider the whole instrument as if it were pleaded by his adversary. [2 Doug. Rep. 476-7; 1 Saund. Rep. 317, n. 2.] To refuse oyer when it ought to be granted, has been held to be error. [2 Strange's Rep. 1186; 1 Wil. Rep.] But it is said error will not lie for granting oyer where it is not demandable. [1 Saund. Rep. 9, b.; 2 id. 46, b.]

In the case before us it is deducible from the principles we have stated, that oyer could not have been demanded of the award. It could not be regarded as the basis of the action, but only as a part of the proof to sustain the allegation of a fact occurring after the covenant was entered into by the parties. But the granting of oyer did not work an injury to any one. The award does not show that the plaintiff is not entitled to recover, but rather proves every thing for which the plaintiffs in their declaration rely on it. And though oyer was improperly granted, we have seen that it furnishes no ground for the reversal of the judgment.

3. Upon a demurrer to the declaration the Court should not have looked to any other part of the record to determine it to be insufficient. But even if the demurrer brought to the view of the Court the indorsement on the writ, it should not have been sustained. True, the writing sued on, was executed by David C. Kolb, for Dodge, Kolb & McKay, and for Kolb & McKay; yet this does not show its invalidity; for the act may have been authorized by his partners, and the fact of bringing a suit on it, shows that they adopted it, which is equivalent in law to a previous authority.

Where a partnership is sued upon a sealed instrument, executed by one of its members in the name of the firm, the proper mode of taking advantage of it by the members not authorizing, or assenting to it, is by the plea of *non est factum*. But where they sue on an indenture thus executed, we cannot con-

ceive how, or why, the defendant should object to the execution by the plaintiffs.

In any view taken of this case we cannot discover a sufficient reason for sustaining the demurrer. The judgment is consequently reversed and the cause remanded.