# Mobile & Kansas City Railroad Co. *v.* Owen.

121 505,
128 353
121 505
141 246

## *Action on Account.*

1. *When employe may engage in another employment.*—There is no rule of law or public policy which inhibits a person from engaging in two distinct employments at the same time so long as he faithfully discharges the trust and duties of the first employment, and does no act prejudicial to or inconsistent with such employment.

2. *Same.*—It is only when by contract the master is entitled to the entire time of the servant that the wages of the latter can be decreased to the extent of the amount earned by him in other employment.

3. *Plea iu suit by, servant for wages that he avoided his contract by other employment, bad.*—Where the master is entitled to the entire time of the servant he may by appropriate plea in a suit by the servant to recover his wages, recoup or set off money earned by the servant in other employment engaged in during the time covered by the contract; but the master cannot in such suit plead the acceptance of such other employment in bar of the servant's right of recovery. Hence, a plea in a suit for wages earned under contract which sets up that the plaintiff avoided his contract of service by accepting other employment during the time covered by it, is subject to demurrer.

4. *Estoppel; when it operates on employer.*—Where the president of a corporation employs a person to fill the office of secretary created by the by-laws of the company, at an agreed compensation and such person continues in the discharge of the duties of such office for a considerable time and is paid the agreed salary with the knowledge of the directors of the corporation; and the directors elect him secretary for a stated time; and he continues to discharge the duties of the office after such time expires without notice to quit from the corporation and without a renewal of the election, the corporation is estopped to deny liability under the terms of the contract made with the president although he had no authority to make it.

5. *Nudum pactum.*—A mere statement entered on an account

[Mobile & Kansas City Railroad Co. v. Owen.]

by the person to whom it is due that he will not claim a certain portion of it is *nudum pactum*.

7. A motion not appearing in the bill of exceptions will not be considered.

7. *Evidence; when presumed, to sustain rulings of the court.* If the record does not state that all the evidence is set out, it will be presumed that there was evidence to sustain the rulings of the court if under any state of proof they would be free from error.

8. The fact that the president of a company notifies a secretary that the company had no funds and his salary would cease does not destroy his right of recovery for his salary accruing after that date, it appearing that the president had no right to discharge the secretary.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

R. B. Owen was employed to act as Secretary of the Mobile, Jackson & Kansas City Railroad Co. by its president at the rate of $50.00 per month. He was afterwards elected to the position by the directors of the company and re-elected after the expiration of the first term of service—each election being for one year—but the salary was not fixed in amount. The last year of service expired with the year 1890. His salary was paid to April 1st, 1890 and the payments stated in the annual report of the secretary to the Board of Managers and approved. There was no election of secretary after the expiration of Owen's second election and no contract made for payment of salary. Owen continued to act as secretary until his resignation in December, 1894. The salaries to officers were paid out of a fund derived from contributions called the survey fund and these ceasing payment of salary ceased. The first demand by Owen for payment for unpaid salary was in December, 1894, and he then presented an account to the president and also to one of the directors of the company for $2750.00, but attached to the account was a statement that for reasons mentioned he would remit $2,000.00 of the sum claimed as being due. This claim for services was assigned to the plaintiff in this suit. On the trial the plaintiff having announced that he made no claim under the *quantum meruit* count, the question was whether or not he could recover on the contract made

with the president of the company when Owen first became secretary. There was a plea setting up that Owen while he was acting secretary of the company accepted other employment, and thereby forfeited his claim to salary as secretary of the company; and also a plea of recoupment to have the amount earned in this other employment deducted from any amount found due on the claim for unpaid salary. Demurrers to these pleas were sustained. The By-Laws of the company provided for the election of the secretary for one year and until his successor was elected. There was judgment for the plaintiff which is here affirmed on the appeal by the defendant.

(1). McINTOSH & RITCH, for appellants.—In the absence of assent by appellants to the acceptance of other employment by the assignor of the appellee appellants were entitled to recoup damages for material loss of time.—*Wilson v. Smith*, 111 Ala. 175; 1st Lawson on Rights, Remedies and Practice, Sec. 259. (2). The complaint alleges a contract of service for a fixed compensation. In such case the master is entitled to the entire time of the servant.—14 Am. & Eng. Ency. of Law, p. 763; *Leach v. Hannibal R. R. Co.*, 86 Mo. 27. (3). The proceeding being on an implied contract the evidence of the promise was necessarily circumstantial and every act or word of the parties in illustration of their intention was competent.—2 Greenleaf, Sec. 102; *Kyle v. Bellinger*, 79 Ala. 516; *Pollard v. Maddox*, 28 Ala. 321; *Comer v. Bankhead*, 70 Ala. 136. (4). The discharge of employés after the funds of appellant had been exhausted was notice to the assignor or appellee that active operations of the company would cease and the presumption was that no salaries would be paid.—17 Am. & Eng. Ency., pp. 68, 168; Thompson on Corp., Sec. 4708; *Long Island F. Co. v. Tarbell*, 48 N. Y. 427.

No brief for appellee came to the hands of the reporter.

TYSON, J.—It appears from a recital in the record that the plaintiff when the cause was announced ready for trial, stated that he did not claim any recovery upon

a *quantum meruit,* and that the common counts in the complaint were retained and relied upon only so far as they entitled him to recover upon an executed special contract.

There were six counts in the complaint and all of them were common counts except one, which was designated as No. 6. This declared upon a special contract in substance as follows: That on, to-wit, the 1st day of August, 1888, the defendant elected, employed and hired one Richard B. Owen, plaintiff's assignor, as secretary of defendant company (who is sued as a corporation), to perform the duties of said office of secretary from the said first day of August, 1888, until his successor in said office should be duly elected and qualified, at the stipulated salary of fifty dollars per month. That by virtue of said election, plaintiff's assignor entered upon the discharge of the duties of his office and was subsequently re-elected. That under these elections as secretary he remained continuously in said office, faithfully discharging the duties thereof from the date of his first election to December 1, 1894, and that defendant has failed to pay the compensation for the services performed by plaintiff's assignor as secretary during the months from April, 1890, to November, 1894, both inclusive.

There were a number of pleas filed by the defendant, to which demurrers were sustained, but it is unnecessary to determine the correctness of the rulings of the court with respect to any of them except the special plea filed June 1, 1897, as the sustaining of the demurrer to this plea is the only error assigned.

The theory upon which this plea was constructed, proceeds upon the hypothesis that when the plaintiff's assignor accepted the office of secretary of the defendant company and entered upon the discharge of his duties as such, that debarred him from accepting and discharging the duties of secretary of another company without the consent of the defendant. In effect the plea asserts, that by doing so the defendant was absolved from all liability, notwithstanding it alleges facts which show that he continued to serve the defendant corporation as its secretary, and, for aught that appears, it accepted his services with full knowledge of his official relations to

the other company; and, notwithstanding, there was no term in his contract by which he bound himself not to accept the office of secretary of another company.

We know of no rule of law or public policy which inhibited him from filling both offices at the same time, so long as the duties required of him as secretary of the other company were not inconsistent with his employment by the defendant or involved the doing of no act prejudicial to its interest. All that defendant had a right to demand of him as its officer was a faithful discharge of his duties as such. And so long as he remained in office and exercised its functions with fidelity and capacity he was entitled to the compensation or salary agreed to be paid him. Even in the case where the master under his contract is entitled to the entire time of his servant, the master could not defeat an action by the servant for wages earned, upon the ground that he had performed services for another during the term of his employment, but might, in a proper case, recoup or set-off, by appropriate plea, the money earned by the servant to which the master would be entitled.—Wood on Master and Servant, p. 202. There was no error in sustaining the demurrer to the plea.

The case was tried upon the pleas of the general issue, payment, and the statute of limitations of three years, the latter alleging the cause of action to be an open account. There are many assignments of error based upon objections to testimony by defendant and the exclusion of testimony offered by it. Many of these can be disposed of without discussing them at length; by merely stating the rules of law by which the liability of the defendant to the plaintiff are to be determined.

Thompson, in his work on the Law of Corporations, section 4692, says: "The secretary of an incorporated company is *an officer of the company* * * * and not merely an officer of the managers or directors by whom he is employed;" and in section 4704 he says: "Such officers as that of *secretary, treasurer* and *general managing agent* are merely *ministerial offices.* Their incumbents do not stand on the same footing as *directors,* nor even as the *president,* in respect to their compensation. It is not a rule, as in the case of a director, that the law does not imply a promise to pay for such ser-

vices. * * * So where a salary has been attached to such an office, the presumption is that it continues so long as any duties remain to be performed by the officer, notwithstanding a change so radical as that of a *consolidation* with another company."

Wood on Master and Servant, p. 190, says: "Where a person has been employed by another for certain definite term at fixed wages, if the services are continued after the expiration of the term in the same business it is·presumed that the continued services are rendered upon the same terms;" and in section 97 he says: "A person employing another for a definite term is bound to provide him with labor for the whole term and cannot deduct from the wages of the servant for the time he was not at work when the failure results from his own fault."

The evidence offered by plaintiff showed that the by-laws of the defendant created the office of secretary, and that plaintiff's assignor performed all the services required of him as secretary of the defendant company for the entire period covered by the claim sued upon. He was first elected to the office of secretary by the board of directors on December 21, 1889, and re-elected to such office on December 30, 1890. The term of his office as fixed by the by-laws of the defendant corporation was for one year, and until his successor was elected and qualified, unless previously removed. The board of directors under the by-laws was invested with the power of the election of persons to fill this office, and to fix the salary to be paid by defendant to this officer. No minute entry appears upon the record kept of the acts and doings of the board of directors fixing the amount of the salary to be paid plaintiff's assignor as secretary of defendant company. It does appear, however, that $50 per month was agreed upon at the time he accepted the office in August, 1888, between the president of the defendant company and plaintiff's assignor as the salary to be paid him by defendant; and that defendant paid him this stipulated sum from August 15th, 1888, to April, 1890; and that in his annual report, made as secretary, of the expenditures of the company, to the stockholders, on December 18, 1889, the item paid him as salary from August 15, 1888, to December, 1889, was included in said

report and approved by the stockholders.  He was never removed from office or notified that his salary would be discontinued by any one authorized to do so.  The only evidence introduced by defendant which in the least tended to contradict or break the force of the evidence offered by plaintiff, was the testimony of one Merrill, who testified to a conversation with plaintiff's assignor in November or December, 1894, when he called upon him for the minute book of defendant corporation.  Merrill says that plaintiff's assignor told him that "he was glad to see the book go out of his office, that it had been a bother to him, that he had been keeping it up, and it was a thankless job; that there was no salary attached to it; that he had received no pay."  This conversation was denied emphatically by plaintiff's assignor.

When the defendant's managing agents, the board of directors, elected plaintiff's assignor on December 21, 1889, secretary of defendant corporation with a knowledge that he had served in that capacity for more than a year under a contract with the president, for which he had been paid the salary as stipulated for between them, and re-elected him in December, 1890, and continued him in office until December 1, 1894, by failing to elect his successor or removing him, accepting his services, the defendant cannot now be heard to say that he is not entitled to the salary or to say that he is only entitled to reasonable compensation for the services performed.  Upon the plainest principles of equity and fair dealing their acquiescence or their failure to dissent from that term of the contract which fixed his salary was an estoppel against the defendant to do so after the service was rendered.—4 Thompson on Corp., § 4708.

Under the issues upon which this case was tried, the only question was whether the defendant was liable upon a special contract to plaintiff for the salary of his assignor during the months intervening between April 1, 1890, and December, 1, 1894, at the agreed sum of $50 per month, there being no dispute about the amount paid by defendant; and all testimony offered by defendant not relevant to this issue was properly excluded from the consideration of the jury.

Assignments of error numbered 4, 5, 6 and 18 are based upon the rulings of the court in sustaining objec-

tions to testimony offered by defendant for the purpose of showing the reasonable value of the services rendered by plaintiff's assignor as secretary.

Assignments numbered 7, 8 and 9 relate to the exclusion of evidence offered to support the averments of the special plea to which the court had properly sustained a demurrer.

Assignments numbered 11, 12, 13 and 14 are manifestly without merit. The evidence excluded by the court to which they relate was purely hearsay and involved statements made by and transactions between the defendant and third parties which could not have affected the rights of plaintiff.

The 10th assignment seeks to review the ruling of the court in excluding a certain paper writing made out by plaintiff's assignor in the form of an account against the defendant, "to salary as secretary from April 1, 1890— $2,750," being the amount claimed in this suit, and for reasons written thereon he remitted $2,000 of the said sum. No consideration was expressed in the writing for the remittance or release and none was shown by the testimony. It was *nudum pactum.—Crass v. Scruggs,* 115 Ala. 258; 20 Am. & Eng. Ency. Law, 744.

There was no error in excluding the testimony of witness Austell as to what his impressions were as to his statement to plaintiff's assignor that the funds of the company were exhausted and that he notified him that his salary would cease. Austell, the president of the defendant, was not shown to have been authorized by the board of directors to stop the payment of the salary. It required action on their part or of the stockholders to deprive him of it. He was not secretary of the president of the company or the board of directors, but of the defendant. Neither would the fact that the defendant was without funds with which to pay salaries relieve it of liability for his salary, so long as it permitted him to remain in office and accepted his services. Nor was the plaintiff deprived of the right to make proof of the original employment by the president, because the contract was not reduced to writing. While, perhaps, under the by-laws of the company, the original contract was not binding when made, yet if it recognized and adopted it as made, and the services were performed under it, it

became executed, and it is of no consequence whether it was reduced to writing or made without authority on the part of Austell, its president.

The record contains no statement that the bill of exceptions sets out all the evidence introduced upon the trial. Under the rule as settled by the uniform decisions of this court, when this is the case we will presume that there was testimony to justify the rulings of the court, if under any state of proof, they would be free from error. *Montgomery & Eufaula Railway Co. v. Kolb*, 73 Ala. 396, and authorities there cited; *Wadsworth v. Williams*, 101 Ala. 264. However, we have examined the charge of the court to which exceptions were reserved and we find no error. Taking it as a whole, we think the presiding judge correctly stated the law and fairly submitted the only controverted question of fact to the jury. There was no error in giving the written charges requested by plaintiff and no error in refusing the written charges requested by defendant.

The motion to set aside the order directing the issuance of execution upon the judgment in this cause, does not appear in the bill of exceptions and for that reason we cannot consider it.—*Ewing v. Wofford,* in MS. But if it did, and there was error committed by the trial court in refusing it, this could not work a reversal of the judgment of the court in this cause rendered prior to the making of such motion and the rulings thereon. We find no error in the record and the judgment must be affirmed.

Affirmed.