# Martin *v.* Massie.

## *Action of Assumpsit.*

1. *Contract; right of recovery when services are not performed as contracted for.*—Where one party has entered into a special contract with another, to do certain work or perform specified services, in aid and furtherance of an undertaking by the latter, and it is contemplated and so stipulated in said special contract, that the work and services provided for shall be performed from time to time as required; but before the completion of the work he abandons it and fails to perform the services according to the terms of the contract, he can not recover on a *quantum meruit* the value of the services which were performed by him, notwithstanding the work so performed was accepted by the party for whom it was to be rendered.

2. *Same; same; case at bar.*—Where a party enters into a contract with the commissioner appointed to codify the laws o. this State, in which he agrees to perform such parts of the work as might be assigned to him by the commissioner, "and to do all in his power to make the work of the Code a success in every particular," and it is stipulated that his compensation is to be $75 per month, but not to exceed $1,000 however long it may be necessary for him to continue his services, such contract is an entirety, having no specified time to run short of the completion of the codification of the laws; and if, before the completion of the Code, such person declines or refuses to perform the work assigned to him by the commissioner, such refusal constitutes an abandonment of the contract, and is a failure to perform the same according to its terms, which prevents his recovery of the value of the services which had already been performed by him and accepted by the commissioner.

3. *Action on contract; amendment of the complaint.*—In an action upon an entire contract, wherein the plaintiff agreed to perform certain specified services, where it is shown by the evidence that the plaintiff failed to perform the contract according to its terms and abandoned the work before it was finished, it is not permissible for the complaint to be amended by the addition thereto of the common counts, seeking to

[Martin v. Massie.]

recover the value of the work and labor actually performed. by the plaintiff; the contract being an entirety and executory at the time of the abandonment of the work on the part of the plaintiff, he must declare especially upon it, and recover, if at all, upon proof of performance.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN C. ANDERSON.

This suit was brought by the appellee, P. C. Massie, against the appellant, William L. Martin, to recover of the defendant five hundred dollars ($500), the amount claimed to be due the plaintiff under a certain contract by which the plaintiff agreed to perform certain work for the defendant in codifying. the laws of Alabama.

The original complaint counted upon a special contract in writing which is set out therein. After the introduction of all the evidence in the case, upon the court intimating that it would give the general affirmative charge requested by the defendant, the plaintiff asked leave to amend his complaint by adding the common counts. The facts pertaining to the allowance of the amendment and the exception thereto are sufficiently set forth in the opinion, as are also the other facts of the case necessary to an understanding of the decision on: the present appeal.

The evidence showed without conflict that the defendant paid to the plaintiff $500 in May, 1897, on said contract, and from certain correspondence introduced by the plaintiff, it appeared that in February, 1898, defendant offered plaintiff $250 additional, in compromise, which was refused by plaintiff.

The court in its general charge to the jury instructed them among other things as follows: "I charge you that, notwithstanding the contract was broken by the plaintiff and terminated by the defendant, yet if the defendant used the work of the plaintiff, then the plaintiff can recover for what his services are reasonably worth and you have the contract before you which has been introduced in evidence and which you may consider in ascertaining the value of said work or services." To this portion of the court's general charge the defendant separ-

ately excepted, and also separately excepted to the court's giving at the request of the plaintiff the following written charge: "The court charges the jury, that if they believe from the evidence that the plaintiff may have neglected to do the work given him to do under the contract in evidence by the defendant, or did any other act which might amount to a breach of the contract, yet if they also believe from the evidence that defendant, being aware of such neglect, omission or act, made any payment on said contract to plaintiff, then this amounted to a waiver by defendant of such neglect or omission or act of plaintiff, committed prior to the day of such payment."

At the request of the defendant in writing the court instructed the jury as follows: "If the jury believe the evidence the plaintiff can not recover on the written contract." The defendant separately excepted to the court's refusal to give, among other written charges requested by him, the following: (1.) "The court charges the jury that if they believe the evidence, they will find a verdict for the defendant." (2.) "If the jury believe the evidence, the plaintiff can not recover under the common counts."

There were verdict and judgment in favor of the plaintiff fixing his recovery at $145. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MARTIN & BOULDIN, for appellant.—An agreement whereby one undertakes to serve another for a definite term, at certain wages, is an entire contract, and the performance of the service is a condition precedent to the right to demand payment.—1 Brick. Dig., 393, § 228; *Beadle v. Graham*, 66 Ala. 99; *Jonas v. King*, 81 Ala. 285; *Maas v. Mtgy. I. Wks.*, 88 Ala. 323; *Ezell v. King*, 93 Ala. 470; *Worthington v. Gwin*, 119 Ala. 44; *Stafford v. Sibley*, 106 Ala. 189; *Anderson v. English*, 121 Ala. 272; 25 So. Rep. 748; *Winstead v. Reid*, (N. C.), 57 Am. Dec. 571; *Clendennen v. Paulsel*, (Mo.), 25 Am. Dec. 435.

"Where there has been a special contract, the whole

of which has been executed on the part of the plaintiff, and the time of payment on the other side is passed, a suit may be brought on the special contract, or a general assumpsit may be maintained; and in the last case the measure of damages will be the rate of recompense fixed by the special contract." "If, however, the special contract remains open—that is to say, remains unperformed—and there be no act of fault or omission on the part of the defendant, *indebitatus assumpsit* will not lie."—*Anderson v. English,* 121 Ala. 272; *Stafford v. Sibley,* 106 Ala. 189; *Maas v. Montgomery I. Works,* 88 Ala. 323, 328; *Ezell v. King,* 97 Ala. 470; *Beadle v. Graham,* 66 Ala. 99, 101; *Jonas v. King,* 81 Ala. 285, 287; *Burkham v. Spiers,* 56 Ala. 547; *Darden v. James,* 48 Ala. 33, 38; *Ala. & Tenn. R. R. Co. v. Nabors,* 37 Ala. 489; *Snedicor v. Leachman,* 10 Ala. 330; *Hunter v. Walden,* 7 Ala. 753.

Even if the plaintiff had been entitled to recover on the common counts, the court erred in instructing the jury, as in the written charge given at the instance of the plaintiff, that the partial payment made on the contract amounted to a waiver by defendant of any neglect, or omission or act of plaintiff, committed prior to the day of such payment. If the question of waiver had become pertinent it was for the determination of the jury and not for the court.—*Drennen v. Satterfield,* 119 Ala. 84.

There being no evidence to support the amendment adding the commoun counts, it should not have been allowed.—*Beavers v. Hardy,* 59 Ala. 570. But having been allowed, the general charge should have been given for the defendant.

GORDON MACDONALD, *contra.*—It may be taken to be the established law of this State now, however conflicting the authorities may be elsewhere, that "if one party, without the fault of the other, fails to perform his side of the contract in such a manner as may enable him to sue upon it, still if the other party has received a benefit from the part performed, it would be unjust to allow him to retain that without paying anything." The law implies a promise to pay what it is reasonably worth.

*Florence Gas, Electric L. & P. Co. v. Hanby,* 101 Ala.
15; 3 Am. & Eng. Encyc. of Law, pp. 920-922; *Hayward
v. Leonard,* 7 Pick. 181; *Kirkland v. Oates,* 25 Ala. 465;
*Merriweather v. Taylor,* 15 Ala. 735; *Bell v. Teague,*
85 Ala. 211. See also *Britton v. Turner,* 6 N. H. 481.

HARALSON, J.—In *Hawkins v. Gilbert,* 19 Ala. 57,
it was said for the court by DARGAN, C. J., that "When
one party has entered into a special contract to do cer-
tain work, or perform a specified service, and the work
is done, but not in conformity with the terms of the
contract, yet, if it be accepted and was beneficial to the
party for whom it was to be performed, the party per-
forming the work or rendering the service, may recover
on a *quantum meruit,* as much as the work of service·
was reasonably worth, notwithstanding it be not per-
formed according to the terms of the special contract."
Under the principle thus announced, if the contract is
an entire one, the obligation of the party engaging the
other to do the work or perform the service, to pay for
the same, rests upon the fact that there has been no
abandonment of the contract by the employe, and the
employer, notwithstanding the work or service has not
becen performed according to the terms of the agree-
ment therefor, has accepted the same and derived bene-
fit therefrom. But, where there has been a failure to
perform the contract, according to its terms, and the
employer has not accepted the same, there can be no
recovery against him for work and labor done.—*Bell v.
Teague,* 85 Ala. 211. In the case of *Hawkins v. Gilbert,
supra,* the court added, after stating the first principle
above quoted: "But we have seen no case that holds
the law to be, that a party may abandon the work with-
out cause or reason, before it is finished and recover on
a count for work and labor. Such a principle would en-
able a party to violate his contract with impunity, and
still recover for the services rendered or labor per-
formed."

The general rule is, that where there is an express
contract, the plaintiff cannot resort to an implied one,.
but must recover, if at all, on the express agreement..

[Martin v. Massie.]

"An exception to the rule, however, is that he may recover on the common counts, although the evidence discloses a special agreement, when such agreement has been executed and fully performed, and no duty remains but the payment of the price in money by the defendant. But so long as the contract continues executory, the plaintiff must declare specially," and prove performance.—*Jonas v. King*, 81 Ala. 285; *Burkham v. Spiers*, 56 Ala. 547; *Florence G., E. L. & P. Co. v. Hanby*, 101 Ala. 15; *Woodrow v. Hawving*, 105 Ala. 240; *Stafford v. Sibley*, 106 Ala. 189; *Anderson v. English*, 121 Ala. 272; *Darden v. James*, 48 Ala. 33; *Abercrombie v. Vandiver*, 126 Ala. 513; 2 Smith Lead. Cases (8th ed.), 33.

Cases often arise, that an employer under an entire contract with his employe, is in a position, known to the parties in the beginning, where he cannot escape accepting the work or services of the latter, as they are rendered, and his acceptance of what has been done is unavoidable, and to that extent not his choice, and his promise to pay therefor, from such acceptance can not be implied. The books abound with illustrations of this character.

In *Wright v. Turner*, 1 Stew. 29, the plaintiff proved that under a contract to serve the defendant three months at $10 a month, he had served him about one month and eight days, and then, against defendant's consent, left his service; that when he did so, the latter offered to give him a due bill for his wages for the time he had served. The court said: "The contract was entire. As the plaintiff left the defendant's service without his consent, he is not entitled to recover, even for the time he had served. The offer to give a due bill is to be considered as an offer on the part of defendant to purchase his peace," etc. Here, the defendant got the benefit of the service that had been rendered by his employe under the abandoned contract, accepted, unavoidably, as the work progressed, and with no ability to return it.

In *Pettigrew v. Bishop*, 3 Ala. 440, the plaintiff contracted with the defendant as an overseer for twelve months, for the sum of $275, and 20 bushels of corn.

[Martin v. Massie.]

He commenced about the 1st of January, and continued near eleven months, and quit his employer's service without his consent. The court said: "The contract of the defendant in error, in this case, was to serve the plaintiff in error as an overseer, for a fixed compensation, and to recover, it is necessary he should show that he had performed the contract on his part, or that he has been prevented from doing so by the act of the opposite party. The attempt here is to recover compensation for a part of the time, without showing any reason for his failure to perform the entire contract; to permit this to be done, would be to permit one of the parties to a contract to make a material alteration in its terms, without the consent of the other." In this instance, the employer had, as in the case last referred to, accepted, because he could not do otherwise, the service of the plaintiff and the benefits arising therefrom, for eleven out of the twelve months of the year plaintiff was hired to labor.

*Givhan v. Dailey's Admr.*, 4 Ala. 346, was another case of an overseer, who, under a contract to serve for a year at a fixed compensation, died during the year. It was held that his personal representative could not recover a *pro rata* compensation for the period he served. This case, and others like it, led, presumably, to the adoption of section 33 of the Code, appearing as section 2159 of the Code of 1852, and carried into subsequent Codes, providing, that in such a case, the personal representative may recover a ratable compensation for services actually rendered, notwithstanding the entirety of the contract.

In the case before us, it is not denied that the contract was entire. It had no specified time to run, short of the completion of the codification in Code form, of the laws of Alabama. Plaintiff by its terms agreed to perform such parts of the work as might be assigned to him by the defendant, "and to do all in his power to make the work of the Code a success in every particular." This was a provision for service, such as should be assigned him by defendant,—the commissioner appointed to codify the laws,—until the entire work was

completed. Plaintiff was to receive as compensation $75 per month, not exceeding, if he worked longer, one thousand dollars. The suit was instituted in the beginning, on the contract itself, alleging its breach by the defendant. The case was tried, with that one count alone in the complaint, the plaintiff relying entirely upon the contract and its breach by defendant for a recovery. After all the evidence was in, the defendant requested in writing the general charge; and as the bill of exceptions shows, "the court intimating an intention to give such charge, the plaintiff asked leave to amend his complaint, by adding common counts, numbered one and two respectively, count number one claiming $500 for work and labor done and materials furnished in the years 1895, 1896 and 1897; and count number two claiming the same sum for goods, wares and merchandise sold during said years."

"The defendant objected to the allowance of said amendment, first, because it introduced a new cause of action into the complaint; second, because the amendment is a departure from the original complaint; third, because there was no evidence to support it; fourth, because the work was done under a special contract in writing; and, fifth, the causes of action attempted to be set up by said amendment arose, if at all, under a special contract in writing which had been introduced in evidence, and plaintiff must recover, if at all, under said special contract. But the court overruled defendant's objection to the allowance of said amendment and permitted it to be made and filed, and to this ruling of the court the defendant excepted."

The plaintiff on his own examination as a witness, testified what work he had done in aid of defendant in his preparation of the Code. The evidence shows he prepared the text of several subjects, as assigned to him by defendant, which were reviewed, and in certain particulars changed by defendant; that defendant assigned him a number of subjects to be annotated, including the subject of *Mandamus*. He stated: "The practice was for Martin to assign me a piece of work at the time, when one piece was completed and returned, and another

[Martin v. Massie.]

would be assigned. I did all the work assigned to me, except the annotations to the subject of *Mandamus*. The subject was assigned me to annotate sometime in June, 1897. I had a fire June 27th, 1897, which damaged my books so that I could not use them. My office was closed for a week or two for the loss from fire to be adjusted. Some time in August, 1897, I sent the manuscript text to Mr. Martin (by his son, I think) with the message that I could not do any more work."

The evidence shows, that the Code went to press in June, 1897, and was concluded in January, 1898. It further shows, on the part of defendant, if that were important, that plaintiff failed to perform the work assigned him with diligence, and that on the part of plaintiff, that he did perform it well and diligently, and that it was worth more than $1,000. The defendant swore that plaintiff, after the return of the *Mandamus* manuscript, never applied to him, and he never sought him for other work, and stated, that at the time he sent the *Mandamus* back, "I was exceedingly busy with the Code work, and had other subjects for him to annotate. I was compelled to employ other persons to assist in making the annotations, at a cost of more than $500, at very reasonable rates of compensation."

The plaintiff's own evidence, as set out above, as well as that of the defendant, shows without conflict, that plaintiff, of his own accord, declined to render service to defendant under his said contract with him, and abandoned the same, in August, 1897, and thereafter did no other work thereunder, though said contract was and remains unexecuted by him. Under these conditions, he had no right to amend his complaint, against the objections of defendant, in the manner he was allowed to do. His only remedy, if any he had, was on his contract; and under the facts as disclosed by the evidence, if he had sued in the beginning alone upon his common counts, he could not have maintained the suit. Moreover, under the undisputed evidence, it is equally clear, he could not have recovered, suing on the contract alone. It is unnecessary to consider the other assignments of error.

VOL. 127.

The general charge as requested should have been given for defendant.

Reversed and remanded.