(75 South. 918)
MONTGOMERY COUNTY v. NEW FAR-
LEY NAT. BANK. (3 Div. 254.)

(Supreme Court of Alabama. Feb. 15, 1917.
Rehearing Denied May 31, 1917.)

1. SALES &89—MODIFICATION—CONSIDERA-
TION—MUTUAL ASSENT.
Modification of contract of sale, by merely remitting part of the price, is without consideration; mutual assent not being enough.
[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 251, 252, 259.]

2. SALES &89 — MODIFICATION—CONSIDERA-
TION.
The recital in a modification of a contract of sale, by remitting part of the price, that the seller "has complied with all the conditions * * * and has done everything required" by the contract cannot be construed as a mere concession of compliance, and so furnish consideration, as a release of performance of conditions.
[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 251, 252, 259.]

3. ASSUMPSIT, ACTION OF &6(1)—PERFORM-
ANCE—QUANTUM MERUIT.
An action of indebitatus assumpsit lies for recovery on the common counts, at contract rates, of balance of price; the contract being executed.
[Ed. Note.—For other cases, see Assumpsit, Action of, Cent. Dig. §§ 27, 28.]

McClellan, J., dissenting.

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Action by County of Montgomery against New Farley National Bank. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Suit by the county of Montgomery against the appellee bank for the recovery of $583.75,

balance due on the purchase price of certain bonds of date May 1, 1909, issued by the county. The issue aggregated the sum of $150,000, and the bonds were of the denomination of $1,000. The complaint alleges the purchase of the bonds by appellee, and then alleges the delivery of $50,000 of said bonds on May 31, 1909, $50,000 on June 17, 1909, and the remaining $50,000 on July 19, 1909, "all in accordance with the terms of the contract of sale." It then sets forth the amount of payments made, showing as a balance due on the purchase price the sum here sued for, representing a balance of accrued interest. The cause was tried upon the single count of the complaint and the plea of the general issue, with leave to give in evidence any matter that might be specially pleaded. Trial was had before the court without a jury, resulting in a judgment for the defendant, from which judgment the plaintiff prosecutes this appeal.

The contract was shown to have been made by way of a proposal on the part of the defendant bank and an acceptance on the part of the board of revenue of Montgomery county. The proposition was, as alleged in the complaint, that the bank should take the bonds, which were to bear interest at 4½ per cent., payable semiannually, at a sum equal to their par value, with accrued interest to date of delivery, and a premium of $3,000; the bonds to be delivered on or before June 1, 1909, or as soon as they could be prepared and properly executed, and the premium of $3,000 should be paid. The proposal also required that the county furnish a full, certified transcript of all proceedings leading up to and culminating in the issue of said bonds, together with an original opinion from a certain well-known Boston law firm approving the same.

The bonds were shown to have been delivered in three separate installments of $50,000 each, on the respective dates of May 31, June 17, and July 24, 1909. The following entry from the official record of the proceedings of the board of revenue of Montgomery county on May 22, 1909, was offered by the defendant:

"Upon motion of Mr. Cook the New Farley National Bank was relieved of paying interest on the $150,000 after May 22d. Upon motion of Dr. Duncan, the money at the Farley National Bank is to be delivered to the board as demanded. Upon motion of Dr. Duncan, Mr. David Fleming, president of the board, was authorized and requested to secure from the safety deposit vault at the First National Bank of this city fifty of the road and bridge bonds belonging to the county, and to make delivery of same to the New Farley National Bank of this city upon payment of $50,000 accrued interest to date upon the whole issue of $150,000, and a premium of $3,000, the amount received to be delivered to the treasurer of said county."

The defendant also offered in evidence the following communication, which the defendant delivered to the board of revenue

on May 31, 1909, and which was substantially all the evidence in the case:

"State of Alabama, Montgomery County. Whereas, the bid of the New Farley National Bank of Montgomery, Alabama, made March 27, 1909, for the issue of $150,000 county of Montgomery, Alabama, bonds for road and bridge, to be dated May 1, 1909, was accepted by the board of revenue in said county; and whereas, the county of Montgomery has complied with all the conditions imposed by said bid and has done every other thing that was required, and has released the said the New Farley National Bank of accrued interest since the 21st day of May, 1909, on said bonds: Therefore, in consideration of the premises, the New Farley National Bank hereby accepts unconditionally the whole issue of the said $150,000 bond, and agrees to pay the face value of the said bonds upon presentation to the said bank."

John R. Tyson and A. H. Arrington, both of Montgomery, for appellant. Steiner, Crum & Weil, of Montgomery, for appellee.

GARDNER, J. The foregoing statement discloses that the parties entered into a valid and binding contract in regard to the sale of $150,000 of the bonds of the county of Montgomery at their par value, with accrued interest to date of delivery and a premium of $3,000.

[1] It is the insistence of counsel for appellee that the resolution of the board, of May 22, 1909, set forth in the above statement of the case, relieving the bank from the payment of interest after May 22d, was a modification of the original contract of purchase, supported by the mutual assent of the parties, it being in the nature of an agreement changing the amount of the purchase price named in the original executory contract, and that such agreement was valid and binding and needed no other consideration for its support than the mutual assent of the parties. 2 Dill. Mun. Corp. § 820; Meech v. Buffalo, 29 N. Y. 198; Robinson v. Bullock, 66 Ala. 554; Cooper v. McIlwain, 58 Ala. 296; Prestwood v. Eldridge, 119 Ala. 73, 24 South. 729.

On the other hand, it is insisted by counsel for appellant that the agreement to relieve the bank of the payment of interest after May 22d, as evidenced by the resolution above referred to, was not supported by any consideration, and that it was therefore a nudum pactum, and possessed no binding force. Shriner v. Craft, 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; Mob. & K. C. R. R. Co. v. Owen, 121 Ala. 505, 25 South. 612; Elliott on Contr., § 1857.

The above-cited case of Shriner v. Craft reviews all our authorities upon the question of modification of contracts and the necessity for a consideration in support thereof. It is unnecessary to do more than to cite this authority, to sustain the position that an agreement on the part of the county to relieve the bank from the payment of a portion of the purchase price (represented by the accrued interest), without the assumption of any obligation by the bank or the release of any rights which it held, and without any consideration therefor, would be a nudum pactum and void; that it would clearly come within the spirit, if not, indeed, within the letter, of that portion of section 68 of our Constitution which reads as follows:

"Nor shall any county or municipal authority have power to grant any extra compensation, fee or allowance to any public officer, servant or employé, agent or contractor, after service shall have been rendered or contract made."

The resolution relieving the bank from the payment of interest recites no consideration therefor, and there is nothing upon the face of the records of the proceedings as set forth in the transcript indicating that there was any consideration supporting the same. At that time a valid and binding contract had been made, and if there was no consideration for this release it is clear, under the authority of the above-quoted provision of the Constitution, and of the case of Shriner v. Craft, supra, that the release evidenced by the motion of the board of revenue would be a nudum factum and void.

[2] Counsel for appellee insist, however, that the communication to the bank of May 31st shows that the release was in fact supported by a valuable consideration; and they argue as if it appears from the record that the bank, in consideration of its release by the county from the payment of interest, reciprocally released the county from its obligation to prepare a transcript of the proceedings culminating in the issuance of the bonds, as well as from its obligation to procure a favorable opinion from the said Boston law firm. This communication, however, does not so state. On the contrary, the second paragraph reads as follows:

"Whereas, That the county of Montgomery has complied with all the conditions imposed by said bid and has done every other thing that was required, and has released the said New Farley National Bank of accrued interest since the 21st day of May, 1909, on said bonds."

We find no authority for reading this communication as if it were intended merely to concede a compliance by the bank with the conditions, as is argued by appellee's counsel. Standing alone, therefore, it fails to disclose any consideration for the release from the payment of interest, which in fact amounted to a change in the contract price.

[3] Nor are we impressed with the insistence of appellee's counsel that the judgment should be affirmed for a variance between the contract alleged and that proven. The action seeks merely recovery of the balance of the contract price due, being one of indebitatus assumpsit, and showing a contract of sale which had been executed, and as to which nothing remained to be done but to pay the purchase price. Such an action lies for recovery on the common counts at contract rates, and the seller may introduce in evidence a specific contract of sale to show contract price. Ga. Pine & Lbr. Co. v. Cen. L. & T. Co., 6 Ala. App. 211, 60 South. 512.

This is not a suit as for breach of contract, as was that involved in the case of Prestwood v. Eldridge, 119 Ala. 73, 24 South. 729, cited by counsel for appellee. The complaint here alleges the sale of the bonds and their delivery "all in accordance with the terms of the contract of sale." Nothing is presented as to the question of variance which we think would justify affirmance of the judgment.

From the evidence disclosed by the record, we are of the opinion that the release by the county, evidenced by the motion of May 22d, is not shown to have been supported by a valuable consideration, and that the trial court was therefore in error in rendering judgment for the defendant.

If, as a matter of fact, it can be made to appear that this release of interest was supported by a valuable consideration, opportunity to so disclose should be given to the defendant. If there was such, it cannot be drawn as a reasonable inference from that which here appears. We have therefore concluded to exercise our discretion in favor of a remandment of the cause, and will render no judgment here.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD, SAYRE, and THOMAS, JJ., concur. McCLELLAN, J., dissents. SOMERVILLE, J. not sitting.

McCLELLAN, J. (dissenting). I cannot agree to accord the decision of Shriner v. Craft, 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19, the controlling effect on the result in this case it would be entitled to if it were a sound pronouncement of law. It has been too long settled in this state to be now made the subject of question that an executory contract may be modified or rescinded by mutual assent of the parties, and that without any new or additional consideration. Wellden v. Witt, 145 Ala. 605, 616, 40 South. 126; Burkham v. Mastin, 54 Ala. 126; 3 Michie's Dig. (Ala.) pp. 356, 357. Mutual assent means "the meeting of the minds of both parties." Ins. Co. v. Young, 23 Wall. 85, 107, 23 L. Ed. 152; Martin v. Thrower, 3 Ga. App. 784, 60 S. E. 825. Mutual assent is a mental process only, leading to an accord on a matter of contract. It does not involve the distinct legal element of consideration. It is manifest that to attribute to the expression "mutual assent" in the rule this court has so often stated as importing the necessity that both parties to the new contract created by the modification of the first executory contract is to do violence to the language repeatedly employed by this court in stating the rule. If A. sell a horse to B. for $100, B. giving his promissory note to A. for the purchase price, and on a subsequent day, before the note is due, A. and B. agree that the price of the horse should be $50 instead of $100, and they alter the note to accord with the subsequent agreement, is it possible that any court would hold that the agreement of the parties exonerating B. from the payment of one-half of the purchase price originally agreed on was a nudum pactum, and hence that B. in fact could be required to pay $100 for the horse? In the case supposed it is manifest that B. alone was a beneficiary of the feature of the agreement whereby one-half of his obligation was removed; he (B.) giving nothing whatever for the benefit the subsequent agreement conferred on him.